UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
02 JUN 18 PM 4:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

SCHEAREAN JEAN MEANS, )
)
    Plaintiff, )
)
vs. ) Case No. CV-02-S-1299-S
)
JAMES H. HANCOCK, United States )
District Judge, and the UNITED STATES )
OF AMERICA, )
)
    Defendants. )

ENTERED
JUN 19 2002

## MEMORANDUM OPINION

This action is before the court on plaintiff's application for leave to proceed *in forma pauperis*. Having considered the application, it is GRANTED. The Clerk is DIRECTED to file the complaint without the necessity of the prepayment of fees.

The court has reviewed the complaint in this *in forma pauperis* action filed by a prisoner against a governmental official pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e. Plaintiff alleges in section IV, paragraph 3 of the complaint that Senior United States District Judge James H. Hancock, "while acting in his official capacity as a judicial officer," violated his oath of office under 28 U.S.C. § 453 and Federal Canon of Judicial Ethics 3A(3)(5) "by depriving the Plaintiff of her legal right to be released from custody and imprisonment" under allegedly unconstitutional and defective convictions. Plaintiff alleges that this purported violation of rights occurred due to Judge Hancock's "bad faith" and "racially-discriminatory intent." Section V of the complaint alleges that Judge Hancock injured plaintiff by not promptly disposing of plaintiff's



pending § 2255 motion to vacate her convictions. Similarly, section VI of the complaint alleges that he has injured the plaintiff by ruling against her in certain matters relating to the § 2255 motion. Section VII of the complaint alleges injuries arising out of the sentences imposed on plaintiff by Judge Hancock in the original criminal case in 1996. Plaintiff seeks (1) declaratory relief for "abuse of judicial power ... and process;" (2) injunctive relief to remove Judge Hancock "from the Federal bench and ordered into retirement;" (3) and monetary damages. Complaint, section VIII.

Although named in the caption of the complaint, the complaint fails to state a claim against the United States, except insofar as it is alleged that Judge Hancock is a judicial officer of the United States. On any theory of liability, however, whether alleged directly against the United States, or vicariously through Judge Hancock as a judicial officer of the United States, the United States is entitled to absolute sovereign immunity.

All claims in the complaint are alleged against Judge Hancock in his official capacity as a judicial officer of the United States. For that reason, there can be no award of damages against him, because judges are absolutely immune from personal liability for monetary damages for acts performed and decisions made in a judicial capacity. *See, e.g., Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Dykes v. Hosemann*, 776 F.2d 942 (11th Cir. 1985) (en banc); *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) ("Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction.") (citations and internal quotation marks omitted). Judicial immunity protects even against acts done in bad faith, maliciously, and in excess of jurisdiction, so long as they constitute "judicial acts." *Id*. Thus, plaintiff's claims for an award of monetary damages are due to be dismissed.

In the case of *Pulliam v. Allen*, 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed. 2d 585 (1984), the Supreme Court held that the doctrine of judicial immunity did not prevent suits against *state* judges for injunctive and declaratory relief, even if it did protect them from liability for monetary damages. Recently, however, the United States Court of Appeals for the Eleventh Circuit extended the protections of judicial immunity for *federal* judges to requests for injunctive relief, as well as monetary damages. *Bolin*, 225 F.3d at 1240-42. The court distinguished between the state judges involved in *Pulliam*, and the federal judges at issue in *Bolin*, in part on the basis that, unlike § 1983, there is no express statutory authority for suing a federal judge. Citing to the Ninth Circuit opinion of *Mullis v. United States Bankruptcy Court for the District of Nevada*, 828 F.2d 1385 (9th Cir.1987), the court of appeals reasoned:

> The Mullis court also noted that to allow injunctive relief against federal judges would be to permit a "horizontal appeal" from one district court to another or even "reverse review" of a ruling of the court of appeals by a district court. *Id.* at 1392-93. The court then went on to conclude that these problems suggested that the *Pulliam* exception should not apply in suits against federal judges. Finally, the *Mullis* court noted that this conclusion was supported by the absence of explicit statutory authority for a suit against a federal judge as was present in the § 1983 action against a state judge at issue in *Pulliam*. *Id.* at 1393-94.

*Bolin*, 225 F.3d at 1240-41. Additionally, the court noted that the Federal Courts Improvement Act of 1996 had severely undercut the *Pulliam* limitation on judicial immunity by providing that injunctive relief could not be entered against a judicial officer for things done in his judicial capacity, except in very limited circumstances. *Id.* at 1242.

The instant case is an example of the precise problem anticipated in *Mullis* and *Bolin*. Should plaintiff be allowed to seek injunctive relief against a judge in a civil action for the manner in which he handled either her original sentencing or the current § 2255 motion, she would be allowed to take a "horizontal appeal" — placing before the undersigned district court judge the issue

of the correctness of judicial actions taken by another district court judge. Such would create great mischief in the federal courts, allowing criminal defendants to "judge shop," simply by filing civil actions for injunctive relief— that is, asking one district court judge to overrule, or compel another district court judge to handle his or her cases in a preferred manner. Relief of this nature can properly be obtained only by mandamus or appeal; and, because those types of relief are available to plaintiff herein, she cannot demonstrate that she has no remedy at law as a precondition to injunctive relief. Accordingly, plaintiff's claim for injunctive relief is due to be dismissed.

Finally, plaintiff also seeks a declaration that Judge Hancock has abused his judicial power by unduly delaying action on plaintiff's § 2255 motion, and by sentencing her to life imprisonment on her convictions. Even though *Bolin* leaves open the possibility that declaratory relief may be sought from a federal judge, notwithstanding the doctrine of judicial immunity, the case also makes clear that a plaintiff may not seek declaratory relief if she has an adequate remedy at law. Because plaintiff has remedies at law, in the form or mandamus and appeal, she is not entitled to declaratory relief.

Even more fundamental to this case, however, is the effort by plaintiff to circumvent the orderly § 2255 practice established by Congress. Plaintiff has filed this action for the purpose of attempting to gain another forum, other than her pending § 2255 motion, in which to litigate the legality of her convictions and sentences. The specialized rules of habeas litigation, including those under § 2255, cannot be circumvented by a civil action. *See, e.g., Hill v. Hopper*, 112 F.3d 1088 (11th Cir. 1997); *Felker v. Turpin*, 101 F.3d 95, 96 (11th Cir. 1996) (second and successive petition rule of § 2254 habeas cannot be circumvented by a § 1983 action). The Eleventh Circuit has noted that, while habeas is regarded as civil in nature, it is a hybrid of civil and criminal law, having its

own unique place in the law. *See, e.g, Anderson v. Singletary*, 111 F.3d 801 (11th Cir. 1997) ("Habeas corpus cases are, in effect, hybrid actions whose nature is not adequately captured by the phrase 'civil action'; they are independent civil dispositions of completed criminal proceedings."). Where the relief sought has the effect of shortening or vacating incarceration, it must be treated as a habeas petition, regardless of the label otherwise attached to the action. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed. 2d 439 (1973).

There is little question that the action filed here is an attempt to circumvent the plaintiff's pending § 2255 motion. Not only does it seek to compel certain action in the § 2255 proceeding, it seeks § 2255 relief in the form of attacking the sentences imposed in 1996. Even if judicial immunity were not available as a complete defense in this action, a criminal defendant must not be allowed to make an end-run around the rules of habeas corpus law by the filing a civil action against the judge handling the criminal case. Notions of exhaustion of remedies, procedural default, and the prohibitions against successive habeas petitions, all well established in habeas jurisprudence, would be lost if the same result could be obtained by a declaratory judgment action. Thus, in this instance, this action also must be dismissed as an impermissible attempt to circumvent the § 2255 remedy available for challenging the constitutionality of a federal conviction.

The court concludes that all claims asserted by plaintiff are frivolous and, therefore, the action is due to be dismissed. Plaintiff cannot recover from the United States because of sovereign immunity, and she cannot gain any relief against Judge Hancock because of his judicial immunity. Furthermore, the complaint must be dismissed because it essentially seeks to attack plaintiff's federal criminal convictions and sentences, which must be pursued in a § 2255 action, not a civil action such as this. A separate order will be entered dismissing this action with prejudice.

DONE this the __18th__ day of June, 2002.

_____
United States District Judge